# EXHIBIT O

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

UNITED STATES OF AMERICA

v.

HOAU-YAN WANG,

Defendant.

Criminal Action No. 24-0211-TDC

**ORDER**

For the reasons stated at the October 16, 2025 Pretrial Conference, it is hereby ORDERED that:

1. The Motion *in Limine*, ECF No. 100, is WITHDRAWN. The parties have agreed to refer to the images in question as "raw" or "white-box" images, and not as "source" or "original" images, except during opening and closing arguments.
2. The Motion to Exclude Defendant Hoau-Yan Wang's Proposed Expert Testimony, ECF No. 85, is DENIED WITHOUT PREJUDICE. By **Monday, October 20, 2025 at 8:00 a.m.**, Dr. Wang shall submit a list of Dr. Chiodo's proposed opinions regarding Dr. Brookes.
3. The Motion to Exclude Expert Testimony of Paul Brookes, ECF No. 87, is GRANTED IN PART and DENIED IN PART. Dr. Brookes's expert testimony is excluded, except that he may testify in the following ways:
    a. First, Dr. Brookes may testify as an expert witness to provide relevant background about Western blot images to assist the jury in evaluating the evidence, including on what standards must be followed to modify Western blot images for publication.

b. Second, Dr. Brookes may testify on his use of Office of Research Integrity ("ORI") droplets and changes to contrast and brightness to improve the ability to compare images, present side-by-side comparisons of various images, and point out certain points of similarity or difference. This may include presenting images showing that manipulations of raw images in permissible ways, such as through changes in contrast, do not reveal the same protein bands that appear in the white-box images. He may not, however, offer opinions on whether one image was fabricated, whether two images are the same or not, and whether one image derives from another or does not derive from another.

c. Third, Dr. Brookes may present certain, limited opinions about images or data that are shown to be grounded in his experience as a research scientist using Western blot images rather than any purported expertise in forensic image analysis.

By **Monday, October 20, 2025 at 8:00 a.m.**, the Government shall submit a list of Dr. Brookes's proposed opinions. Any opinions by Dr. Brookes about the images or data must be discussed with the Court in advance and approved before any testimony can be elicited relating to that opinion.

4. A ruling on the Motion to Dismiss for Prosecutorial Misconduct, ECF No. 118, is DEFERRED, but the Court finds that the May 30, 2025 City University of New York ("CUNY") Letter, ECF No. 118-2, is exculpatory material pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963). Accordingly, it is hereby ORDERED that:

a. The Government shall submit for *in camera* review all of its written communications since January 1, 2025 with ORI, the National Institutes of

Health ("NIH"), and CUNY. It shall submit its communications with ORI and CUNY by **Friday, October 17, 2025 at 12:00 noon** and its communications with NIH by **Friday, October 17, 2025 at 5:00 p.m.** The Government shall provide hard copies as well as electronic copies on a thumb drive.

b. The Government shall review all of the materials in its possession in this case to identify any *Brady* material consisting of any material favorable to the defendant. By **Monday, October 20, 2025 at 8:00 a.m.**, the Government shall certify that it has completed its review and that it has either disclosed all *Brady* material to the defense or that it has no such material in its possession and control.

Date: October 17, 2025

THEODORE D. CHUANG
United States District Judge