**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In the Matter of:<br><br>CIVIL INVESTIGATIVE DEMAND TO DR. HOAU-YAN WANG. | Case No. 26-mc-62 (MMB) |

**MEMORANDUM OF LAW IN OPPOSITION TO PETITION FOR ENFORCEMENT OF CIVIL INVESTIGATIVE DEMAND**

Dr. Hoau-Yan Wang ("Dr. Wang") opposes the petition for enforcement of civil investigative demand ("CID"), filed by the United States of America (the "Government"). Dr. Wang is elderly, in poor health, and of modest means and has been under a moving target of federal investigations for nearly five years, without a single finding of misconduct against him. In October 2025, Dr. Wang and his family left a federal criminal courtroom in the District of Maryland victorious after the Government dismissed the case against him with prejudice. He and his family thought that it was finally time to put these issues behind them. But the Government, acting through the U.S. Attorney's Office for the Southern District of New York ("SDNY USAO"), decided otherwise when it sent him the CID at issue here in June 2026. Dr. Wang and his family deserve finality. The Government's conduct is unreasonable, oppressive, and harassing. Dr. Wang respectfully requests that the Court deny the Government's petition for enforcement of its CID for the reasons set forth here and in Dr. Wang's motion to set aside the civil investigative demand. (*See* Doc.1.)

## I. Facts and Procedural History

Dr. Wang is a 69-year-old retired neuroscientist who conducted biomedical and neuroscience research for the City University of New York ("CUNY"), as part of its contract with Cassava Sciences, Inc. ("Cassava"). (*See* Doc. 1 at 2.) In late-2021, after some short-sellers

of Cassava stock publicly attacked Dr. Wang's research and made millions from the resultant stock price dip, the Government began what has become a 5+ year saga of investigating certain of Dr. Wang's research for Cassava. (*Id.* at 3). Since that time, the FDA and CUNY, acting under the auspices of the Department of Health and Human Services' Office of Research Integrity, have investigated Dr. Wang's conduct but have not taken any adverse action against him, and the DOJ Fraud Section dismissed a criminal indictment against him with prejudice, after violating *Brady* and *Batson* and making misrepresentations to the court in the criminal matter. (*Id.* at 3-8). The SEC also reached a no admit/no deny settlement with Dr. Wang, after he was forced to assert his Fifth Amendment rights because of the pending criminal case. (*Id.* at 5). In short, none of the alphabet soup of Government agencies that have investigated Dr. Wang since 2021 have found any actionable misconduct, and there is simply no suggestion that the CID at issue here will yield a different result.

Specific to this investigation, the Government, acting through the SDNY USAO, issued two CIDs for documents to Dr. Wang in March and July 2022. (*Id.* at 8.) Both Dr. Wang and his former employer, CUNY, produced voluminous records in response to the CIDs. (*Id.*) After nearly four years of silence, and after the Government dismissed with prejudice the criminal case against Dr. Wang following a trifecta of misconduct findings, the Government sent Dr. Wang a CID seeking his testimony and identifying him as under investigation in the matter. (*Id.*, Ex. A).

The Government's operative CID sought Dr. Wang's testimony on July 2, 2026. (*Id.* at 1.) Dr. Wang timely filed a motion to quash on July 1, 2026, to which the Government timely responded on July 29, 2026. (*See generally* Docs. 1, 4.)

## II. Argument

As set forth in Dr. Wang's motion to set aside the CID, which is incorporated herein, the CID imposes an undue and duplicative burden on Dr. Wang, is unlikely to yield additional admissible evidence, and is unreasonably oppressive and harassing. The Government's memorandum of law in opposition to the motion to set aside the CID yields an additional reason for this conclusion – because the Government is trying to force Dr. Wang to assert his Fifth Amendment privilege so it will obtain an adverse inference against him in its civil investigation.

A witness "cannot be subpoenaed to produce potentially incriminating information after the government has recommended prosecution." *United States v. Mellon Bank, N.A.*, 521 F.2d 708, 15 (3d Cir. 1975). While the criminal case against Dr. Wang was dismissed with prejudice, if a witness is still potentially "subject to prosecution for other crimes which his testimony might tend to reveal, the privilege remains." *United States v. Yurasovich*, 580 F.2d 1212, 1218 (3rd Cir. 1978). As a result, a witness "can refuse to testify in a civil proceeding if his testimony can incriminate him or her in a future criminal matter." *Teitelman v. Dale Petroleum Corp.*, 200 B.R. 21, 24 (N.J. Bankr. 1996). "[O]nce a court determines that the answers requested would tend to incriminate the witness, it should not attempt to speculate whether the witness will in fact be prosecuted." *Raimo v. Waddyi*, 2004 U.S. Dist. LEXIS 20499, at *7-8 (E.D. Pa. Oct. 8, 2004).

Here, while the Government claims that its CID is limited to use in a civil case, the CID, and the Government's description of the CID in its motion papers, describe allegations that sound in criminal law – namely, that Dr. Wang submitted false statements to and defrauded the Government. For example, the CID provides that the Government is investigating, among other things, whether Dr. Wang "submitted or caused to be submitted false claims, false records, or false statements in connection with grants received from NIH relating to certain products

intended to treat or detect Alzheimer's Disease." (Doc. 7 at 37.) In its memorandum of law in opposition to Dr. Wang's motion to set aside the CID, the Government says it intends to examine Dr. Wang about a series of "potentially falsified" or "manipulated images" and "to question Dr. Wang about potential falsification of ELISA studies he purportedly performed, and potentially false claims made in grant applications to NIH based on these ELISA studies." (*Id.* at 15-16). The Government says it "expects this testimony to shed light on whether Dr. Wang, Dr. Burns and Cassava falsified scientific data and submitted falsified data to NIH that resulted in NIH paying out nearly $18 million, and whether they generated falsified data with grant funds from NIH." (*Id.*). To put an even finer point on it, the Government further clarifies it is "investigating whether Dr. Wang and/or Cassava committed grant fraud." (*Id.*at 34.)

The Government ***never*** states that its allegations and investigation are limited to those exact false statements or fraud theories covered by the now-dismissed criminal case or makes any other attempt to limit its claims to those that are foreclosed by Double Jeopardy. In other words, Dr. Wang – against whom the Government has previously recommended prosecution on these facts – continues to face an active criminal risk. That alone suggests that the Government should not be sending him compulsory process requesting incriminating evidence. *Mellon Bank, N.A.*, 521 F.2d at 15.

And yet the Government claims that its CID is not harassing because Dr. Wang will now be free to testify under oath in a way he was not free to do during the SEC investigation because the criminal case was then-pending. (Doc. 7 at 24). Specifically, the Government says, "Now that the criminal matter is concluded and Dr. Wang no longer faces criminal charges, the Government should be able to obtain answers to the questions that it intends to ask Dr. Wang about his conduct without risk that Dr. Wang will incriminate himself." (*Id.* at 43.) But when undersigned

counsel asked the Government whether it would immunize Dr. Wang to ensure he could do as the Government represented, the Government responded that it lacked the "authority to 'immunize' Dr. Wang." (Exhibit A.)[1] The Government went on to confirm that Dr. Wang is free to assert his Fifth Amendment rights on a "question-by-question basis" and that the Government "reserves its right to seek an adverse inference if Dr. Wang invokes his Fifth Amendment right not to testify." (*Id.*)

The Government cannot have its cake and eat it too: either (1) Dr. Wang has not been immunized and will plead the Fifth, as he did before the SEC, in which case the CID is duplicative and harassing and not actually intended to develop any evidence; or (2) the Government, with its nearly infinite resources, can figure out a way to immunize Dr. Wang and establish the evidentiary value of its CID. *See, e.g.*, *United States v. Kilmartin*, 944 F.3d 315, 337 (1st Cir. 2019) (discussing the "immense resources of the federal government"); *see also United States v. Coffee*, 113 F. Supp. 2d 751, 757 (E.D. Pa. 2000) ("The United States of America has, for all practical purposes, unlimited financial resources to bring to bear. Unlike the [defendant], the Government can, and does, mint money."). The Government's effort to tap dance between those alternatives – and its blatant reservation of its rights to seek an adverse inference against Dr. Wang – confirms Dr. Wang's theory that the CID is yet another in a series of unreasonable, oppressive, and harassing investigations of Dr. Wang.

---

[1] When pressed, the Government suggested that undersigned counsel reach out to a colleague in the criminal division, which undersigned counsel has done. Undersigned counsel will update the Court if a response is received.

Dr. Wang respectfully requests that the Court deny the Government's petition to enforce the CID, grant his motion to set aside the CID, and order such further relief as the Court deems just and proper.

Dated: August 12, 2026

Respectfully Submitted,

*/s/ Jennifer L. Beidel*

Jennifer L. Beidel
DYKEMA GOSSETT PLLC
39577 Woodward Avenue Suite 300
Bloomfield Hills, MI 48304
(248) 203-0700
jbeidel@dykema.com

***COUNSEL FOR DR. HOAU-YAN WANG***

**CERTIFICATE OF SERVICE**

I hereby certify that on the 12th day of August, 2026, I filed the forgoing Memorandum in Opposition to Petition for Enforcement of Civil Investigative Demand using the Court's CM/ECF system. The CM/ECF system sent a "Notice of Electronic Filing" to all counsel of record who have entered an appearance in this matter.

*/s/ Jennifer L. Beidel*
Jennifer L. Beidel